IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DARRELL BROCK, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-3726-BAH |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Darrell Brock brought suit against the Washington Metropolitan Area Transit Authority ("WMATA") alleging injury arising from a motor vehicle accident. ECF 4 (amended complaint). Pending before the Court is Defendant WMATA's motion to dismiss (the "Motion"). ECF 9. Plaintiff filed an opposition, ECF 10, and WMATA filed a reply, ECF 13. All filings include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant WMATA's Motion is **DENIED**.

**I.   BACKGROUND**

This action arises out of events that occurred on or about October 3, 2022. ECF 4, at 1 ¶ 2. Plaintiff alleges that on that date, he was "walking through the parking lot at his worksite" when Bridgette Crawley, a driver of a WMATA Metro bus, "negligently maintained, operated, and controlled [her] motor vehicle so as to collide into [ ] Plaintiff on his right side, causing Plaintiff

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

to sustain serious personal injuries." *Id.* at 1–2 ¶¶ 2, 7. Plaintiff further alleges that Crawley was acting "in the scope of her employment" with Defendant WMATA at the time of the incident in question. *Id.* at 2 ¶ 7. Plaintiff specifies that Crawley, as an agent of WMATA, was negligent in "failing to obey a properly placed traffic control device, failing to maintain [her] speed to avoid a collision, and failing to obey the traffic rules and regulations" in force in Prince George's County. *Id.* at 3 ¶ 8. As a result of this alleged negligence, Plaintiff contends he suffered injuries to his "right shoulder, right arm, back, and neck," resulting in incurred and expected medical expenses, "lost time from gainful employment," and "pain and anguish." *Id.* ¶ 9.

On August 9, 2023, Plaintiff filed this action against Crawley in the Circuit Court of Maryland for Prince George's County. ECF 1, at 1. Plaintiff amended his complaint to include WMATA as a defendant on December 19, 2024. *Id.* at 2. WMATA removed the action on December 23, 2024. *Id.* On January 2, 2025, the parties stipulated that Crawley be dismissed as a defendant, *see* ECF 7, and the Court approved the stipulation on January 6, *see* ECF 8. As the sole remaining defendant in this case, WMATA now brings this motion to dismiss. *See* ECF 9.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## III. ANALYSIS

Plaintiff brings a claim for negligence against WMATA, arguing that it is liable for Crawley's negligent operation of the Metro bus and the resulting injuries to Plaintiff.[2] Defendant argues that Plaintiff's complaint should be dismissed for failure to state a claim because the complaint "does not allege any facts as to how Ms. Crawley negligently operated the vehicle on behalf of WMATA, or even specifically where the incident occurred." ECF 9-1, at 3.

"To plead negligence in Maryland, a plaintiff must 'allege with certainty and definiteness, facts and circumstances sufficient to set forth (a) a duty owed by the defendant to the plaintiff, (b) a breach of that duty and (c) injury proximately resulting from that breach.'"[3] *Fletcher v. Maryland Transit Admin.*, 741 F. App'x 146, 149 (4th Cir. 2018) (quoting *Pace v. State*, 38 A.3d 418, 423 (Md. 2012)). "Generally, whether there is adequate proof of the required elements to succeed in a negligence action is a question of fact to be determined by the fact finder[.]" *Valentine v. On*

---

[2] Plaintiff's complaint alleges two counts; both are for negligence but the first specifically concerns Crawley, while the second addresses WMATA. *See* ECF 2. Because Crawley has been dismissed as a defendant in this action, the Court will only address the viability of the second count.

[3] "'Maryland adheres to the lex loci delicti rule' to determine the applicable law in tort actions." *Williams v. Gyrus ACMI, Inc.*, 790 F. Supp. 2d 410, 414 (D. Md. 2011) (*quoting Philip Morris Inc. v. Angeletti*, 358 Md. 689, 752 A.2d 200, 230 (2000)). An injury "is deemed to occur where the plaintiff first suffers harm[.]" *Id.* (citing *Burnside v. Wong*, 412 Md. 180, 986 A.2d 427, 438 (2010)). The complaint appears to indicate that the incident in question occurred in Prince George's County, Maryland. *See* ECF 4, at 2 ¶ 4. The Court will therefore apply Maryland law.

3

*Target, Inc.*, 727 A.2d 947, 949 (Md. 1999). However, "[t]he existence of a duty is a matter of law that a court may dispose of on a motion to dismiss." *Fletcher*, 741 F. App'x at 149.

In determining whether a duty exists, "relevant considerations necessarily include 'the nature of the harm likely to result from a failure to exercise due care, and the relationship between the parties.'" *Pace*, 38 A.3d at 424 (quoting *Jacques v. First Nat'l Bank*, 515 A.2d 756, 759 (Md. 1986)). In Maryland, "[d]rivers have a duty to exercise reasonable care for the sake of pedestrians and other motorists." *Germain v. Norris*, 536 F.Supp.2d 585, 588–89 (D. Md. 2008) (citing *Ghirardello v. Malina*, 209 A.2d 564, 569–70 (1965)); *see also* Md. Code Ann., Transp. § 21-504(a) ("[T]he driver of a vehicle shall exercise due care to avoid colliding with any pedestrian."). Drivers of WMATA vehicles share this duty to exercise reasonable care toward pedestrians and other motorists. Moreover, WMATA itself is liable for the torts of its drivers, subject to the Washington Metropolitan Area Transit Authority Compact ("the Compact"), which provides, in relevant part, that WMATA "shall be liable for . . . the torts of its . . . employees . . . committed in the conduct of any proprietary function[.]" Md. Code Ann., Transp. § 10-204(8). Other courts interpreting the Compact have held that "operating a bus is such a proprietary function." *Marbury v. WMATA*, Civ. No. 13-0832-DKC, 2013 WL 2285436, at *2 (D. Md. May 22, 2013) (citing *Bunn v. WMATA*, Civ. No. 09–334, 2010 WL 1488510, at *1 (E.D. Va. April 12, 2010)). Plaintiff's complaint specifically alleges that Crawley was driving the Metro bus in the scope of her employment with WMATA and that she negligently struck Plaintiff with the vehicle. Therefore, the Court concludes, Plaintiff has sufficiently alleged that Defendant owed him a duty of care.

In addition, the Court determines that Plaintiff has adequately alleged facts to satisfy the other elements of a negligence claim. Though Defendant argues that Plaintiff does not note "specifically where the incident occurred," he does, in fact, indicate that it occurred in Prince

George's County, Maryland. *See* ECF 4, at 2. The complaint details that Crawley was negligent in "failing to obey a properly placed traffic control device, failing to maintain [her] speed to avoid a collision, [ ] failing to obey [ ] traffic rules and regulations . . . , and otherwise fail[ing] to operate said bus in a safe and reasonable manner." ECF 4, at 3 ¶ 8. Plaintiff therefore sufficiently alleges Defendant's breach of its duty to exercise reasonable care. Finally, Plaintiff contends that he suffered injuries to his right shoulder, right arm, back, and neck, requiring medical treatment and loss of employment as well as "pain and anguish." *Id.* ¶ 9. As such, he has adequately alleged injury proximately resulting from Defendant's negligence. Plaintiff therefore has sufficiently stated a claim for negligence.

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

A separate implementing Order will issue.

Dated: April 4, 2025

/s/
Brendan A. Hurson
United States District Judge